Sean P. Killeen, SBN 320644
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: skilleen@bakerlaw.com

Casie D. Collignon (*pro hac vice* forthcoming)
Keeley O. Cronin (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805
Email: ccollignon@bakerlaw.com
Email: kcronin@bakerlaw.com

*Attorneys for Defendant*
UNITED SEATING AND MOBILITY, L.L.C. dba NUMOTION

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAPIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, L.L.C. dba Numotion, a Missouri limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: **'25CV1354 BEN AHG**<br><br>*[SAN DIEGO COUNTY SUPERIOR COURT CASE NO. 25CU020509C]*<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1453, AND 1446 (DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT)**<br><br>*[Filed concurrently with Civil Case Cover Sheet, Rule 7.1 Disclosure Statement, and Notice of Party With Financial Interest]*<br><br>Date Action Filed: April 15, 2025<br>Complaint Served: April 28, 2025 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant United Seating and Mobility, L.L.C. dba Numotion ("Numotion" or "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego to this Court. In support of this Notice of Removal, and in accordance with 28 U.S.C. §§ 1332, 1441, 1453, and 1446, Defendant avers as follows.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## FACTUAL AND PROCEDURAL BACKGROUND

1. On April 15, 2025, Plaintiff Jason Tapia ("Plaintiff"), purportedly on behalf of himself and all others similarly situated, filed a putative class action complaint (the "Complaint") against Numotion in the Superior Court of the State of California in and for the County of San Diego (the "State Court Action").

2. On April 28, 2025, Plaintiff served Defendant with a copy of the Complaint, Civil Cover Sheet, Summons, Notice of Case Assignment and Case Management Conference, Notice of E-Filing Requirements and Imaged Documents, Alternative Dispute Resolution (ADR) Information, and Stipulation to Use Alternative Dispute Resolution (collectively, the "Related Court Documents").

3. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of documents received in the State Court Action by Numotion are attached to this Notice of

Removal. Specifically, attached to this Notice of Removal are true and accurate copies of: (1) the Complaint (**Exhibit A**); and (2) true and correct copies of the Related Court Documents and all other documents filed in the State Court Action (**Exhibit B**).

4.  As the basis for his Complaint, Plaintiff alleges that "cyber criminals" accessed a "wealth of priceless information" including "Plaintiff's and the Class members' names, dates of birth, addresses, medical record numbers, insurance providers, electronic mail addresses, telephone numbers, or social security numbers." Compl. ¶¶ 21, 35.

5.  Plaintiff alleges as a result of the Data Incident he and putative class members have suffered a variety of generic injuries, including: (1) "[t]respass, damage to, and theft of their personal property including Personal and Medical Information;" (2) "[i]mproper disclosure of their Personal and Medical information"; (3) "potential fraud and identity theft"; (4) "risk of having their confidential medical information used against them by spam callers to defraud them"; (5) "[d]amages flowing from Defendants' untimely and inadequate notification of the data breach"; (6) "[l]oss of privacy"; (7) "out-of-pocket expenses and the value of their time reasonably expended to remedy or mitigate the effects of the data breach"; (8) "deprivation of the value of customers' personal information"; (9) "loss of use of and access to their credit, accounts, and/or funds"; (10) "[d]amage to their credit due to fraudulent use of their Personal and Medical Information"; and (11) "[i]ncreased cost of borrowing, insurance, deposits and other items which are adversely affected by a reduced credit score." *Id.* at ¶ 88.

6.  Based on these allegations, Plaintiff asserts three causes of action against Numotion for: (1) violations of the Confidentiality of Medical Information Act ("CMIA"), Civil Code § 56, *et seq.*; (2) violations of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.150; and (3) violations of the

California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq*. *See generally*, Compl.

7. Removal is proper here because all three elements for federal jurisdiction under CAFA are met: "(1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must 'exceed[ ] the sum or value of $5,000,000.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)). Section 1332(d) further provides that, for minimal diversity to exist, "any member of a class of plaintiffs" must be a "citizen of a State different from any Defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

8. This removal is timely under 28 U.S.C. § 1446(b) because Defendant filed this removal within 30 days of being served with the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 961, n.15 (9th Cir. 2024) (the "30-day removal clock only starts ticking once the defendant has been served.").

9. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. *See* 28 U.S.C. § 84(d). Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

**THE ACTION IS PLED AS A CLASS ACTION**

10. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B).

11. Plaintiff seeks class certification under California law pursuant to California Code of Civil Procedure § 382. *See* Compl. ¶¶ 91–98, Prayer for Relief. "Section 382 is analogous to subpart (a) of rule 23, of the Federal Rules of Civil

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Procedure." *Williams v. Superior Ct.*, 221 Cal. App. 4th 1353, 1364 (2013), *as modified* (Dec. 24, 2013). Thus, the first CAFA requirement is satisfied.

### **THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS**

12. Plaintiff seeks to represent a class of "[a]ll citizens of the State of California who provided their personal medical information to Defendants on or before September 2, 2024, and who received notices from Defendants that their information was compromised." Compl. at ¶ 91. Plaintiff further alleges that "[t]he members of the Class are so numerous that joinder of all members is impracticable" and that "the total number of Class Members exceeds 500 persons." *Id.* at ¶ 92.

13. To date, Numotion has mailed notification to approximately 31,260 California residents whose information may have been impacted in the Data Incident.

14. Accordingly, the number of putative class members exceeds the statutorily required minimum of 100 individuals.

### **MINIMAL DIVERSITY OF CITIZENSHIP EXISTS**

15. Under 28 U.S.C. §§ 1332 (d)(2), (d)(5), "diversity is established when '*any member* of a class of plaintiffs is a citizen of a state different from any defendant.'" *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276–77 (9th Cir. 2017) (emphasis added) (citing 28 U.S.C. § 1332 (d)(2)).

16. Plaintiff's Citizenship. "To establish citizenship for diversity purposes, a natural person is a citizen in the state in which she is domiciled." *Noriega v. Loews Hotels Holding Corp.*, Case No. 3:19-cv-00068-GPC-AHG, 2019 WL 2296095, at *3 (S.D. Cal. May 30, 2019) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Chambers v. Knight*, Case No. 3:18-cv-02906-BAS-BGS, 2020 WL 5759685, at *6 (S.D. Cal. Sept. 28, 2020), *aff'd*, No. 20-56141, 2021 WL 4811360 (9th Cir. Oct. 15, 2021) (internal quotation marks and citation omitted).

17. Accordingly, Plaintiff is a citizen of the State of California. Compl. ¶ 19.

18. <u>The Putative Class's Citizenship.</u> Further, Plaintiff purports to represent a class of persons defined as "all citizens of the State of California who provided their personal medical information to Defendants on or before September 2, 2024, and who received notices from Defendants that their information was compromised." Compl. ¶ 91.

19. <u>Defendant's Citizenship.</u> Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Courts within the Ninth Circuit, including this Court, have concluded that that a limited liability company is an unincorporated association, and citizenship is determined pursuant to § 1332(d)(1) in the class action context. *See e.g Ramirez v. Carefusion Res., LLC,* Case No. 3:18-cv-02852-BEN-KSC, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (finding that, "for the purposes of CAFA," an LLC was "a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021) (holding that an LLC is an "unincorporated association" under CAFA, and thus its citizenship for purposes of minimum diversity jurisdiction under CAFA was determined by its principal place of business in California and not by the citizenship of its members).

20. The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's high level officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 US 77, 78 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*. "The public often (though not always) considers it the corporation's main place of business." *Id*. at 93.

21. Numotion is a Missouri limited liability company.

22. Pursuant to *Hertz's* nerve center test, Numotion's principal place of business is in Tennessee. Specifically, Numotion's executive offices are located at 155 Franklin Road, Suite 300, Brentwood, Tennessee.

23. Accordingly, Numotion is a citizen of the states of Missouri and Tennessee for purposes of diversity jurisdiction.

24. As such, minimal diversity exists because Numotion is a citizen of Missouri and Tennessee, Plaintiff is a citizen of California, and all putative class members are citizens of California.

## The Amount in Controversy Exceeds the CAFA Threshold.[1]

25. It is well established that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (internal quotation marks and citation omitted); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018); *Benitez v. Hyatt Corp.*, 722 F. Supp. 3d 1094, 1098 (S.D. Cal. 2024). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. 81 at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

26. "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). "Amount at

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

stake" does not mean likely or probable liability; rather, it refers to "possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

27. To determine the amount in controversy, courts include in their calculations "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Courts may also consider statutory damages for purposes of calculating amount in controversy. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir.2000). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (internal citation omitted). "[U]nder § 1332(d)(6), the claims of class members are aggregated to determine whether the amount in controversy exceeds $5,000,000." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

28. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

29. Here, Plaintiff seeks damages, including, but not limited to, "actual and statutory damages, including statutory damages under the CMIA, CCPA, and UCL," "punitive damages," "attorney fees, expenses, and costs," "injunctive and other equitable relief," "the costs involved in notifying the Class members about the judgment and administering the claims process," "pre-judgment and post-judgment interest," and "other and further relief as this Court may deem just and proper." *See* Compl. Prayer for Relief.

30. <u>CMIA Nominal Damages.</u> Plaintiff brings a claim for alleged violations of the CMIA. *See* Compl. ¶¶ 99–105. The CMIA provides that "an individual may bring an action against a person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for . . . nominal

damages of one thousand dollars ($1,000)." Cal. Civ. Code § 56.36(b)(1). Plaintiffs may seek these nominal damages regardless of whether the plaintiff "suffered or was threatened with actual damages." *Id.*

31.  Plaintiff alleges that Numotion stored his and the putative class's "individually identifiable 'medical information'" on its server, and that their information was accessed. *See* Compl. ¶¶ 101, 102. Plaintiff further alleges he is seeking "nominal damages of one thousand dollars" for himself and each member of his putative class for "each violation under Civil Code § 56.36(b)(1)." Compl. ¶¶ 105, 94.

32.  Due to the size of the putative class here, the amount in controversy far exceeds $5,000,000 considering just the "nominal damages" sought by Plaintiff. To date, Numotion has sent notifications to approximately 31,260 individuals residing in California. Multiplying "nominal damages of one thousand dollars" by 31,260 far exceeds the requisite amount in controversy. Compl. ¶ 105.

33.  <u>CCPA Statutory Damages.</u> Plaintiff also brings a claim against Numotion for violations of the CCPA. *See* Compl. ¶¶ 106–113. Under the CCPA,

> [a]ny consumer whose nonencrypted and nonredacted personal information . . . or whose email address in combination with a password or security question and answer that would permit access to the account is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of [defendant's] violation of the duty to implement and maintain reasonable security procedures and practices … may institute a civil action … [t]o recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750).

Cal. Civ. Code § 1798.150(a)(1).

34.  Plaintiff alleges that Numotion violated the CCPA by "failing to prevent Plaintiff's and Class members' nonencrypted PII from unauthorized access and

exfiltration, theft, or disclosure." Compl. ¶ 110. As a result, Plaintiff claims to "seek relief under § 1798.150(a), including, but not limited to, (i) recovery of actual damages or damages in an amount not less than $100 and not greater than $750 per consumer per incident" for himself and each of the putative class members. *Id.* at ¶ 107.

35. Taking Plaintiff's allegations at face value and applying them to the number of individuals in his proposed class, the amount in controversy further exceeds CAFA's threshold.

36. <u>Credit Monitoring Costs.</u> In data incident cases involving similar allegations, courts routinely hold that the costs of providing credit monitoring and identity theft protection services are properly included in the amount in controversy for purposes of CAFA's jurisdictional requirements. *See, e.g., Porras v. Sprouts Farmers Mkt., LLC*, Case No. 5:16-cv-01005-JGB-KK, 2016 WL 405 1265, at *3 (C.D. Cal. July 25, 2016) (three years of credit monitoring at only $15.95 per month for class of only 8,719 exceeded $5 million amount in controversy).

37. Plaintiff seeks injunctive relief requiring Numotion to "provide *prolonged* free credit monitoring to customers affected by the Data Breach." Compl. ¶ 118 (emphasis added).

38. The three main identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $19.95 to $24.99 per person per month. LifeLock offers a product called Norton360 with LifeLock Advantage which provides 1-Bureau credit monitoring with up to $100,000 in "stolen funds reimbursement" for $24.99 per month.[2] Similarly, both Equifax[3] and Experian[4] offer products that provide 3-Bureau credit monitoring with

---

[2] *See* https://us.norton.com/products/norton-360-lifelock-advantage (last visited May 14, 2025).
[3] *See* https://www.equifax.com/personal/products/credit/monitoring-and-reports (last visited May 14, 2025).
[4] *See* https://www.experian.com/protection/creditlock/ (last visited May 14, 2025).

up to $1,000,000 in identity theft insurance for $19.95 and $24.99 per month, respectively.

39.   Due to the size of the putative class here, Plaintiff's request for "*prolonged* free credit monitoring" further supports that the amount in controversy far exceeds $5,000,000. Compl. ¶ 118 (emphasis added).

40.   Attorneys' Fees. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Here, Plaintiff seeks an award of attorneys' fees. Compl. Prayer for Relief (b). Attorneys' fees should therefore be included in analyzing the amount in controversy. In the Ninth Circuit, 25% of the award has been used as a "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for purposes of the amount in controversy.

41.   Total Amount in Controversy. Just one year of Equifax credit monitoring *or* CMIA nominal damages *or* CCPA statutory damages each independently exceed the $5,000,000 CAFA threshold. When considering Plaintiff's requested relief as a whole, including his request for actual damages, nominal damages, statutory damages, equitable relief, injunctive or declaratory relief, attorneys' fees, and punitive damages, the amount in controversy requirement is easily satisfied here.

## CONCLUSION

42.   Pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, Numotion removes the State Court Action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court for the Southern District of California.

## RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

43. Nothing in this Notice of Removal is intended or should be construed as an express or implied admission by Defendant of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action.

44. This Notice of Removal is further submitted without waiver of any procedural or substantive defense that may be available to Defendant.

## NOTICE OF INTERESTED PARTIES

45. Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 40.2, a Corporate Disclosure Statement and Notice of Party with Financial Interest is being filed concurrently with this Notice of Removal.

## NOTICE

46. As required by 28 U.S.C. § 1446(d), Numotion is providing written notice of the filing of this Notice of Removal on Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, Central Courthouse.

Dated: May 28, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Sean P. Killeen*
Sean P. Killeen

*Attorneys for Defendant*
UNITED SEATING AND MOBILITY, L.L.C. dba NUMOTION

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send as Notice of Electronic Filing to all counsel of record.

*/s/ Heidi Hammon-Turano*
Heidi Hammon-Turano